GORRELL

*v.*

GORRELL.

[Decided June 25th, 1924.]

**Divorce—Alimony—Allowance on Financial Condition of Wife as they Appeared—Imposition on Court—Order Vacated and Repayment Directed.**

*Mr. R. H. Schenck* (of *Messrs. King & Vogl*), for the petitioner.

*Messrs. Levitan & Levitan,* for the defendant.

FOSTER, V. C. (orally).

This is an application to vacate an order advised by me on the 13th of November last—October 13th or November 13th, 1923—counsel for the respective parties differ as to the month.

The substance of the order was to require Mr. Gorrell to pay his wife at the rate of $15 a week until the further order of the court, in weekly payments.

There was a direction contained in the order, as the result of the contest before me on the application, that if it should appear at any time that Mrs. Gorrell's financial condition—at the time the order was advised and the amount fixed—was not as she represented the same to be, and was materially different from what she represented it to be at the date of the application and the date of the affidavits filed in support of her application, that then I would vacate the order for alimony, and would advise an order directing the repayment to Mr. Gorrell of all payments made on account of the alimony order.

Mr. Schenck—You did say that. Then what you said was, that if the $2,300 worth of Liberty bonds that were in suit before Vice-Chancellor Fielder were awarded to the wife, you would then vacate the order.

Court—I am satisfied from the evidence that has now been offered that Mrs. Gorrell imposed upon the court in her affidavit; that her affidavit was false, in suppressing from the court the fact that she was the owner of certain stocks and personal property amounting to about $4,000, in addition to the Liberty bonds, at the time she made her affidavit, in which she recited the fact that she was without funds and was being supported by the charity of friends, which I also find to be untrue; and as a result of that imposition upon the court, and the fraudulent representations contained in her affidavit, I will now advise an order vacating the order for alimony, and directing that she may be required to repay from the date of the order any moneys that Mr. Gorrell has paid to her in obedience to the terms of that order, and execution for the collection thereof may be had in the ordinary course.

I shall also award counsel the costs of this application, and will give him a counsel fee of $50.